UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:18-CR-132-DPJ-LRA

TOMMY JOE HARVEY

ORDER

Defendant Tommy Joe Harvey asks the Court to dismiss the indictment entered against him "for failure to state an offense" under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) "and for lack of jurisdiction" under Federal Rule of Criminal Procedure 12(b)(2). Mot. [33]. For the reasons that follow, Harvey's motion is denied.

I.  Facts and Procedural History

On June 27, 2018, the federal grand jury returned an indictment charging Harvey under 18 U.S.C. § 242; a superseding indictment was returned on January 25, 2019. According to the Superseding Indictment, on April 28, 2017, Harvey, the Simpson County Chancery Clerk,

> while acting under color of state law, . . . pepper sprayed A.R. in the face, while A.R. was in handcuffs, thereby willfully depriving A.R. of her right, secured and protected by the Constitution and laws of the United States, to be free from unreasonable seizures, which includes the right to be free from the use of unreasonable force.

Superseding Indictment [37]. Harvey says the indictment should be dismissed because "a state actor, who has not been granted law enforcement authority, does not violate an individual's Fourth Amendment rights because the actor is not acting under 'color of law.'" Def.'s Mem. [34] at 17.

II.     Analysis

      A.     Federal Rule of Criminal Procedure 12(b)(2)

Harvey invokes Federal Rule of Criminal Procedure 12(b)(2), under which a defendant may argue "that the court lacks jurisdiction." Fed. R. Crim. P. 12(b)(2). But he fails to explain why or how jurisdiction is lacking. Under 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. "The grand jury's issuance of an indictment is what gives federal courts jurisdiction to hear a criminal case and impose a sentence." *United States v. Longoria*, 259 F.3d 363, 365 (5th Cir. 2001). Absent some analysis from Harvey explaining how his argument impacts the Court's jurisdiction, the Court denies the motion under Rule 12(b)(2) and moves on to Harvey's other basis for dismissal.

      B.     Federal Rule of Criminal Procedure 12(b)(3)(B)(v)

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), Harvey asserts that the indictment "fail[s] to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). "[A] motion to dismiss an indictment for failure to state an offense is a challenge to the sufficiency of the indictment." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004). In deciding such a motion, the Court "take[s] the allegations of the indictment as true and . . . determine[s] whether an offense has been stated." *Id.* "To be legally sufficient, an indictment need only (1) enumerate each element of the charged offense, (2) fairly inform the defendant of the charges filed against him, and (3) provide the defendant with a double jeopardy defense against future prosecution." *United States v. Arshad*, 325 F. Supp. 3d 695, 699–700 (E.D. La. 2018) (citing *United States v. Gaytan*, 74 F.3d 545, 551 (5th Cir. 1996)).

Harvey is charged with violating 18 U.S.C. § 242, which provides:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . . shall be fined under this title or imprisoned not more than one year, or both.

18 U.S.C. § 242. The statute "mak[es] it criminal to act (1) 'willfully' and (2) under color of law (3) to deprive a person of rights protected by the Constitution or laws of the United States." *United States v. Lanier*, 520 U.S. 259, 264 (1997).

The Superseding Indictment in this case, as quoted above, "includes every statutory element of a section 242 violation; it provides enough factual detail to enable [Harvey] to prepare his defense; and it is specific enough to allow [Harvey] to invoke double jeopardy in any subsequent proceedings." *United States v. Gonzales*, 436 F.3d 560, 570 (5th Cir. 2006), *abrogated on other grounds as recognized in United States v. Garcia-Martines*, 624 F. App'x 874, 879 n.12 (5th Cir. 2015). It is therefore sufficient to withstand Harvey's challenge under Rule 12(b)(3)(B)(v).

That said, "[t]he propriety of granting a motion to dismiss an indictment by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact. If a question of law is involved, then consideration of the motion is generally proper." *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (quoting *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005)) (punctuation altered). According to Harvey, he has presented a legal question—whether the Superseding Indictment should be dismissed on due-process grounds for lack of fair warning.

As an initial matter, Harvey's legal argument is questionable. Harvey relies on *Lanier*, where the Supreme Court considered the fair-warning doctrine under § 242 and held that "the touchstone [of fair warning] is whether the statute, either standing alone or as construed, made it

3

reasonably clear at the relevant time that the defendant's conduct was criminal." *Lanier*, 520 U.S. at 267. Fair warning therefore exists when, "in the light of pre-existing law the unlawfulness under the Constitution is apparent." *Id.* at 271–72.

Harvey never argues—nor could he—that pepper spraying a handcuffed and submissive prisoner is permissible under pre-existing law. *See Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008) (finding that officers were not entitled to qualified immunity because it was clearly established that use of excessive force after victim is subdued and handcuffed violates Fourth Amendment). Instead, Harvey frames the issue as "whether the law is clearly established that a government employee who has never legally been delegated an official power can be charged under § 242 for violating a power he did not possess." Def.'s Rebuttal [46] at 1. In other words, he claims that it must be clearly established that he acted under color of law.

But that is not the issue *Lanier* considered. *Lanier* focused its fair-notice analysis on the third element under § 242—whether the defendant "deprive[d the victim] of rights protected by the Constitution or laws of the United States." *Lanier*, 520 U.S. at 264. The Court expressly refused to "address the argument, pressed by [Lanier,] that the actions for which he was convicted were not taken under color of law." *Id.* at 264 & n.2.

Harvey now conflates these issues, arguing that fair warning requires clearly established law regarding the color-of-law element while citing cases that address whether the deprivation was clearly established. *See, e.g.*, Def.'s Rebuttal [43] at 8 (citing *Morgan v. Swanson*, 659 F.3d 359, 372 (5th Cir. 2011) (determining whether plaintiff's constitutional rights were clearly established, not whether it was clearly established that defendant acted under color of law)). In fact, none of the cases Harvey cites support his claim that the color-of-law element must be

clearly established to avoid dismissal under the *Lanier* fair-warning doctrine, and the Court is not aware of any such cases.[1]

Even assuming Harvey is correct that the color-of-law issue must be clearly established to satisfy due process, the Court must determine whether this presents a legal or factual dispute. *Fontenot*, 665 F.3d at 644. If factual, then the motion must be denied. *Id.* Harvey says the issue is purely legal because state law does not allow him to make arrests and he has not otherwise been delegated that authority. *See* Def.'s Mem. [34] at 16.

But the test for determining whether he acted under color-of-law is fact specific. In *Screws v. United States*, the United States Supreme Court held that

> under "color" of law means under "pretense" of law. Thus acts of officers in the ambit of their personal pursuits are plainly excluded. Acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it. If, as suggested, the statute was designed to embrace only action which the State in fact authorized, the words "under color of any law" were hardly apt words to express the idea.

325 U.S. 91, 111 (1945). The Fifth Circuit has construed *Screws* as involving two elements:

> (1) whether the officer "misused or abused his official power," and (2) if "there is a nexus between the victim, the improper conduct, and the officer's performance of official duties." If an officer pursues personal objectives without using his official power as a means to achieve his private aim, he has not acted under color of state law.

*Bustos v. Martini Club Inc.*, 599 F.3d 458, 464–65 (5th Cir. 2010) (quoting *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002)) (brackets omitted); *see also United States v. Causey*, 185 F.3d 407, 425 (5th Cir. 1999).

---

[1] Depending on the facts, this issue could resurface at trial. If it does, the Court desires more direct legal authority explaining whether fair warning requires clearly established law on the color-of-law element.

Under this test, the outcome often turns on whether a defendant "used his official power to facilitate his actions." *Bustos*, 599 F.3d at 465. And that inquiry is again fact specific. *See, e.g.*, *United States v. Dillon*, 532 F.3d 379, 387 (5th Cir. 2008) (affirming jury verdict that defendant, an assistant city attorney, acted under color of law when he raped victims at his private law office because, *inter alia*, he made statements that "carried with them an air of official authority"); *Causey*, 185 F.3d at 415–16 (finding sufficient nexus where defendants met at the police station to conspire to murder an individual and then used government equipment); *Bennett v. Pippin*, 74 F.3d 578, 589 (5th Cir. 1996) (finding sufficient nexus where sheriff raped a woman he had questioned and stated, "I can do what I want, I'm the Sheriff"); *United States v. Tarpley*, 945 F.2d 806, 807–08 (5th Cir. 1991) (holding that defendant acted under color of law based on statements to victim, use of service weapon and squad car, and cooperation by fellow officer).

Finally, even a defendant who does not work for the state can act under color of law under certain factual circumstances. *See Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549–50 (5th Cir. 2005) (outlining tests for holding that private actors acted under color of law).

Harvey nevertheless maintains that he lacked authority to arrest the alleged victim and offers outside evidence to make his point. *See* Def.'s Mem. [34] at 16 (citing Reynolds Aff. [34-2]). But relying on that evidence emphasizes the factual nature of this motion. Whether Harvey acted under color of law is "a question for the jury . . . within the meaning of . . . Section 242." *Lynch v. United States*, 189 F.2d 476, 481 (5th Cir. 1951).

In sum, under Rule 12(b)(3)(B)(v) the Court must accept the allegations in the Superseding Indictment as true. *Kay*, 359 F.3d at 742. It may not, therefore, weigh the evidence to decide Harvey's fair-warning argument. *See Fontenot*, 665 F.3d at 644; *see also United States*

*v. Kim*, 808 F. Supp. 2d 44, 50–55 (D.D.C. 2011) (refusing to dismiss indictment under fair-warning doctrine where factual issues existed for the jury to decide); *United States v. Praisner*, No. 3:09-CR-264 (MRK), 2010 WL 2574103, at *5 (D. Conn. Apr. 27, 2010) (declining invitation "to take the 'bold' step of dismissing the indictment based on an independent review of the evidence" in § 242 case).

III.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Defendant Tommy Joe Harvey's Motion to Dismiss [33] is denied.

SO ORDERED this the 19th day of March, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE